## CAMPBELL v. ATLAS LIFE INS. CO.

### No. 1748.

Court of Civil Appeals of Texas. Eastland.

Feb. 4, 1938.

Jno. O. Douglas, of Houston, for appellant.

Fowler & Conn, of Houston, for appellee.

GRISSOM, Justice.

Appellant, Campbell, sued appellee, Atlas Life Insurance Company, for $2,500 and attorneys' fees upon a policy for said amount issued by appellee to Mrs. Florence M. Campbell, appellant's deceased wife, in which appellant was named as beneficiary. The trial was to the court. It rendered judgment denying recovery on the policy. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged that his wife, the insured, died June 29, 1935, and that up to said time "all premiums accrued and due on said policy of insurance had been and were duly paid." The defendant alleged that premiums were paid to July 30, 1931; that thereafter none of the premiums due were paid; that at the date of insured's death the policy had lapsed and was not in force and effect. Defendant further alleged a loan to insured on the policy, the net value of the policy thereafter, and that "at the time of default" she was entitled to "extended insurance" for a certain period of time, which period of time had expired prior to her death.

There was introduced in evidence, among other things: (a) A check dated July 15, 1931, for $20.59, with notation on lower left-hand corner "No 2551," and pencil notation "Aug., Sept. Oct." on upper left-hand corner thereof; (b) a check dated July 26, 1931, for $22, with notation "Premium on Policy No 2551"; (c) a check dated August 27, 1931, for $22, with notation "to cover quarterly premium on Policy No 2551"; (d) a check dated June 12, 1931, for $75.67, with notation "Premiums for policy No 2551." Said checks were each signed "Mrs. Florence M. Campbell," and payable to appellee.

The court found that none of said quoted notations were written on said checks when received by the insurance company. Without detailing the testimony we do not hesitate to say that the court's findings with reference thereto find ample support in the evidence.

There was also introduced in evidence a similar check for $20.59, dated May 6, 1931, with notation, "Premium on Mrs. Florence M. Campbell's quarterly policy No 2551." There seems to be no controversy with reference to it.

There is evidence to the effect that if all of said checks mentioned, aggregating $160.85, had been applied to payment of premiums on Mrs. Campbell's policy, said payments, together with the "ex-

tended insurance," to which she was entitled, would have kept said policy effective until her death. They were not so applied. The two checks for $20.59 each were applied in payment of premiums due on Mrs. Campbell's policy. The insurer had issued a policy on the life of the plaintiff, being No. 2773. His quarterly premium was $22. The quarterly premium on Mrs. Campbell's policy, No. 2551, was $20.59. The two checks for $22 each were applied in payment of premiums due on Mr. Campbell's policy. The check for $75.67 was applied in payment of past-due interest due on loans made on each of said policies. It was dated June 12, 1931. On May 9, 1931, the insurer had written plaintiff that the interest due on the policy loans was as follows: "Interest on #2551 is $36.51 and on #2773, $39.16," aggregating $75.67. There is in evidence a letter, evidently written by Mrs. Campbell, apparently directing the application of these payments to the respective policy premiums and interest on loans in the manner in which they were applied by the insurer. We do not think the trial court could have reasonably found the facts with reference to these matters otherwise than it did. It follows that we overrule the assignments that the court erred in so finding. The result is, as stated by the court in its conclusion of law, that the policy was not in force and effect at the time of the death of the insured and the plaintiff is not entitled to recover.

■ Plaintiff also assigns as error the finding of the court that appellee gave notice to Mrs. Campbell "that the policy sued on would expire and become void one month thereafter." The policy contained the following provision: "Failure to repay any loan or interest thereon shall not void this policy until the total indebtedness to the Company hereon shall equal the loan value hereof, but if at any time, such indebtedness, together with accrued interest thereon, shall equal the then loan value of the policy, *the policy shall become void one month after notice shall have been mailed to the last known address of the insured* and the assignee of record, if any." (Italics ours.)

We think this finding is not material. If the period of extended insurance had expired and premiums due were not paid the policy lapsed prior to the death of the insured by reason of her failure to pay the premiums. The evidence supports the conclusion that such were the facts. It therefore becomes immaterial whether the

insurer had another reason whereby it might have, by giving notice, avoided liability under the policy. Southland Life Ins. Co. v. Hopkins, Tex.Com.App., 244 S. W. 989.

The judgment of the district court is affirmed.